### JAMES R. RENFROE *v.* S. H. BOLES.

**Consideration of Note.**

> Where a debtor seeking to be discharged in bankruptcy is met by a creditor, who resists such discharge, and the debtor gives to his creditor a note for the amount of his claim, in consideration that he will cease to resist such discharge, such note is without consideration and is not collectable. The consideration of the execution of the note is against public policy, and is immoral and void.

#### APPEAL FROM BARREN CIRCUIT COURT.

#### January 25, 1879.

OPINION BY JUDGE ELLIOTT:

Appellee sued appellant on two promissory notes, one for two hundred dollars and the other fifty dollars. Appellant admitted the execution of the two notes, but alleged that in December, 1868, he had filed his petition in the United States District court at Louisville for a discharge in bankruptcy; that appellee, being one of his principal creditors, appeared in the bankrupt court and resisted his discharge; that to induce appellee to withdraw his opposition to his discharge in bankruptcy he executed the two notes sued on; and that in consideration of the execution of such notes the appellee did withdraw his opposition to appellant's discharge, and so appellant said this was the only consideration for the notes sued on. Soon after their execution in 1869, appellant obtained his discharge in bankruptcy.

The appellant's plea was not controverted by the appellee, and on hearing a verdict resulted in appellee's favor by reason of a peremptory instruction of the court to find for him, and judgment being rendered in his favor the appellant seeks a reversal.

If the grounds set up by appellee against the discharge of appellant in bankruptcy had been adjudged sufficient for such purpose, they would have inured to the benefit of all of appellant's creditors, and as these grounds necessarily assailed the moral status of the appellant in the bankruptcy court, the withdrawal of them in con-

sideration of the execution of the notes sued on was against public policy; and the notes tainted with such immoral consideration cannot be enforced.

Besides, by Section 35, Bankrupt Law, all contracts made with a creditor to induce such creditor to forbear "opposing the application for discharge of the bankrupt, shall be void." The defendant also alleged that the $50 note was executed without any consideration, being executed for his own property.

As the appellee did not deny the allegations of the defendant's plea, they should have been taken as true, and the jury instructed to find for the appellant; and the peremptory instruction to find for the appellee was erroneously prejudicial to appellant's rights.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*T. B. McIntyre, for appellant.   G. W. Craddock, for appellee.*